**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| |
|---|
| BARBARA WALKER, |
| *Plaintiff*, |
| v. |
| PHILIPS NORTH AMERICA LLC; PHILIPS HOLDING USA, INC.; and PHILIPS RS NORTH AMERICA LLC, |
| *Defendants*. |

Case No. _____

**NOTICE OF REMOVAL**

Defendants Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America LLC (together, "Philips"), through their undersigned counsel, hereby provide notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned case from the Superior Court of Middlesex County, Massachusetts, where it is now pending at Case No. 2181CV02412 (the "Underlying Action"), to the United States District Court for the District of Massachusetts, and state as follows:

**I.  INTRODUCTION**

1.      On October 11, 2021, Plaintiff Barbara Walker filed a complaint in the Superior Court of Middlesex County, Massachusetts, bearing Case No. 2181CV02412 (the "Complaint"), attached hereto as **Exhibit A**.

2.      Pursuant to 28 U.S.C. § 1446(a), no process, pleadings, or orders have been served to date upon Philips in the Underlying Action.  A copy of the Docket Sheet in the Underlying Action is attached hereto as **Exhibit B**.

3.     By filing this Notice of Removal, Philips does not waive, and expressly reserves, its right to object to service of process, the sufficiency of process, jurisdiction over parties, or venue, and to assert any defenses and objections to which it is entitled.

## II.   **NOTICE OF REMOVAL IS TIMELY**

4.     Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America LLC are removing the Underlying Action prior to being served with Plaintiff's Complaint.  This Notice of Removal is therefore timely because Plaintiff's Complaint, which was filed on October 11, 2021, has not yet been served on Philips North America LLC, Philips Holding USA, Inc., or Philips RS North America LLC—accordingly, this Notice is filed within thirty (30) days of service of the Complaint (which has not yet occurred), and within thirty (30) days of Defendants' receipt of the Complaint.  *See* 28 U.S.C. § 1446(b)(2)(B).

5.     Additionally, this Notice is timely because it is filed within one year after commencement of the Underlying Action.  *See* 28 U.S.C. § 1446(c)(1).

6.     The provisions of 28 U.S.C. § 1441(b)(2), commonly referred to as the "forum defendant rule," are inapplicable to the instant matter because, although Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America LLC are Massachusetts citizens, they have not been "properly joined and served" in the Underlying Action.  *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (affirming denial of motion to remand, and holding that "forum defendant rule" did not apply where, "prior to formal acceptance," forum defendant "timely removed the matter"); *Parker Hannifin Corp. v. Fed. Ins. Co.*, 23 F. Supp. 3d 588, 596 (W.D. Pa. 2014) (Conti, J.) (denying motion to remand, and holding that "forum defendant rule does not apply to this case because plaintiffs failed to properly serve [the forum defendant] prior to the removal of this case to federal court").

III.   **FACTUAL BACKGROUND**

7.      Plaintiff's Complaint concerns certain Philips Continuous Positive Airway Pressure ("CPAP"), Bilevel Positive Airway Pressure ("BiPAP"), and mechanical ventilator prescription medical devices manufactured before April 26, 2021 and recalled by Philips on June 14, 2021 (collectively, the "Recalled Devices").  *See* Ex. A, Compl. ¶ 2.

8.      According to the Complaint, "[i]n or around 2018," Plaintiff "was prescribed the use of, and shortly thereafter began using," a Philips "Dreamstation device" "as part of Plaintiff's sleep apnea treatment."  *Id.* ¶¶ 8, 9, 14.  Plaintiff alleges that the device is equipped with a "polyester-based polyurethane ('PE-PUR') foam for sound abatement" that "may break down and be inhaled or ingested" and has caused Plaintiff "significant health problems," including "respiratory issues, hypersensitivity, and nausea/vomiting."  *Id.* ¶¶ 4, 7, 8, 18.

9.      Plaintiff attempts to plead claims for violation of the Massachusetts Consumer Protection Law, Mass. Gen. Laws ch. 93A, § 1, *et seq.* ("Chapter 93A"), breach of warranty, negligence, fraudulent misrepresentation and suppression, and negligent misrepresentation and suppression.

10.     Plaintiff seeks damages for her alleged injuries, including for "mental anguish, loss of capacity for the enjoyment of life," "loss of the ability to earn money in the future," "conscious pain and suffering, medical expenses, [and] loss of earnings."  *Id.* ¶¶ 54, 63, 65.  Plaintiff also seeks statutory, punitive, and treble damages, attorneys' fees, costs, and pre- and post-judgment interest.  *Id.* at 22-23.

IV.   **REMOVAL STANDARD**

11.     Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  As demonstrated below, the Underlying Action is removable to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1441(a), because this Court (i) has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a), and (ii) encompasses the district where the Underlying Action is pending.

## V.   THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

12.    Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy" (i) is between "citizens of different states," and (ii) "exceeds the sum or value of $75,000, exclusive of interests and costs."  Here, removal is proper because complete diversity of citizenship exists between Plaintiff and Philips, and the Complaint plausibly places more than $75,000 in controversy, exclusive of interests and costs.

13.    Philips denies Plaintiff's factual allegations and denies that Plaintiff is entitled to the relief requested.  But based on Plaintiff's allegations in the Complaint and her prayers for relief, all requirements for jurisdiction under 28 U.S.C. § 1332(a) have been met.  Accordingly, complete diversity of citizenship exists, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

### A.    Diversity of Citizenship Exists.

14.    Removal predicated upon diversity of citizenship "requires complete diversity of citizenship as between all plaintiffs and all defendants"—that is, every plaintiff must be of diverse state citizenship from every defendant.  *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that 28 U.S.C. § 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").

4

### 1. *Plaintiff is a Citizen of Pennsylvania.*

15.     An individual is a citizen of the state in which he or she is domiciled.  *See Valedon Martinez v. Hosp. Presbiteriano de la Comunidad, Inc.*, 806 F.2d 1128, 1132 (1st Cir. 1986) ("For the purposes of § 1332(a)(1), state citizenship is the equivalent of 'domicile.'"); *Aponte-Dávila v. Municipality of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016) ("For purposes of diversity, a person is a citizen of the state in which he is domiciled.").  Specifically, citizenship is determined by the individual's domicile at the time the lawsuit is filed.  *See Valedon*, 806 F.2d at 1132 (holding that it "is well settled that domicile at the time suit is filed is the test" for diversity jurisdiction) (quotations and alteration omitted).

16.     Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* evidence of domicile there.  *Aponte-Dávila*, 828 F.3d at 47 ("[T]he place of residence is <u>prima facie</u> evidence of a party's domicile.") (emphasis in original); *see also Tudor v. Leslie*, 35 F. Supp. 969, 970 (D. Mass. 1940) (holding that "[p]lace of residence is prima facie the domicile").

17.     Plaintiff alleges that she is a "resident of the State of Pennsylvania."  *See* Ex. A, Compl. ¶ 13.  This allegation constitutes *prima facie* evidence, and plausibly demonstrates, that Plaintiff is a Pennsylvania citizen.

### 2. *Philips North America LLC is a Citizen of Delaware and Massachusetts.*

18.     For purposes of 28 U.S.C. § 1332(a), the citizenship of a limited liability company, like Philips North America LLC, is determined by the citizenship of its members.  *See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members."); *PhoneDOCTORx, LLC v. Healthbridge Mgmt., Inc.*, No. CIV.A. 12-12281-FDS, 2013 WL 474516, at *2 (D. Mass. Feb. 6, 2013) ("For purposes of the diversity statute,

corporations are deemed to be 'citizens' of the state in which they are incorporated and have a principal place of business. 28 U.S.C. 1332(c)(1).  The citizenship of a limited liability company, however, is based on the citizenship of all of its members.").

19.    Plaintiff alleges that the "sole member" of Philips North America LLC, Philips Holding USA, Inc., "is a Delaware corporation with its principal place of business located at 222 Jacobs Street, Floor 3, Cambridge, Middlesex County, Massachusetts 02141."  *See* Ex. A, Compl. ¶¶ 20-21.

20.    Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of its state of incorporation and the state where it has its principal place of business.  Accordingly, Philips North America LLC is a citizen of Massachusetts and Delaware—the states where its sole member, Philips Holding USA, Inc., is incorporated and has its principal place of business.

### 3.    *Philips Holding USA, Inc. is a Citizen of Delaware and Massachusetts*

21.    As noted above, a corporation like Philips Holding USA, Inc. is a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1). Again, Plaintiff acknowledges that Philips Holding USA, Inc. "is a Delaware corporation with its principal place of business located at 222 Jacobs Street, Floor 3, Cambridge, Middlesex County, Massachusetts."  *See* Ex. A, Compl. ¶ 21.  Philips Holding USA, Inc. is therefore a citizen of Massachusetts and Delaware.

### 4.    *Philips RS North America LLC is a Citizen of Delaware and Massachusetts*

22.    Finally, as noted, the citizenship of a limited liability company, like Philips RS North America LLC, is determined by the citizenship of its members.  *See Pramco*, 435 F.3d at 54.  Philips RS North America LLC is wholly owned by a single member, Philips RS North America Holding Corporation, which is a Delaware corporation with its principal place of business

located at 222 Jacobs Street, Cambridge, Massachusetts 02141.  *See* JPML Corporate Disclosure

Statement, attached hereto as **Exhibit C**; Philips RS North America Holding Corporation Records

& Business Registrations, attached hereto as **Exhibit D**.

23.     Accordingly, Philips RS North America LLC is a citizen of Massachusetts and

Delaware—the states where its sole member, Philips RS North America Holding Corporation, is

incorporated and has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

24.     Philips North America LLC, Philips Holding USA, Inc., and Philips RS North

America LLC are therefore a citizens of states different than Plaintiff.  Complete diversity is

satisfied, and diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

**B.     The Amount in Controversy Exceeds $75,000.**

25.     Removal under 28 U.S.C.  § 1332(a) requires that "the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs."   "For the purpose of

establishing diversity jurisdiction, the amount in controversy is determined by looking to the

circumstances at the time the complaint is filed."  *Coventry Sewage Assocs. v. Dworkin Realty Co.*,

71 F.3d 1, 4 (1st Cir. 1995).   "[A] defendant's notice of removal need include only a plausible

allegation that the amount in controversy exceeds the jurisdictional threshold."  *See Dart Cherokee*

*Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

26.     Although Philips denies Plaintiff's factual allegations and denies that Plaintiff is

entitled to the relief she requests, as detailed below, through her allegations and prayer for relief,

Plaintiff has put into controversy an amount that plausibly exceeds the $75,000 threshold for

removal under 28 U.S.C. § 1332(a).[1]

---

[1]     This Notice of Removal discusses the nature and amount of damages placed at issue by
Plaintiff's Complaint.  Philips' references to specific damage amounts and citation to cases
supporting removal are provided solely to establish that the amount in controversy more likely

27.     Plaintiff alleges that, "[a]s a direct and proximate result of using" the Philips device, she "has suffered personal injuries, including chronic nasal drip, asthma, and headaches." *See* Ex. A, Compl. ¶ 18.  She further alleges that she has suffered other "significant health problems," including "irritation (skin, eye, and respiratory tract), inflammation, respiratory issues, hypersensitivity, and nausea/vomiting." *Id.* ¶ 7.  As a result, Plaintiff alleges that her use of the device "caused and will continue to cause Plaintiff injuries and damages." *See id.* ¶ 8.  Plaintiff asserts claims for breach warranty, negligence, fraud, and a Chapter 93A violation, *id.* ¶¶ 50-110, and seeks to recover actual damages, including for pain and suffering, mental anguish, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, loss of the ability to earn money in the future, statutory, punitive, and treble damages, attorneys' fees, costs, and pre- and post-judgment interest.  *Id.* at 22-24.

28.     Although Plaintiff does not specify the exact amount of damages she seeks, a number of Plaintiff's claims (if proven) may entitle her to significant recoveries, including because they seek recovery of attorneys' fees, actual, punitive, and treble damages, and medical costs.

29.     *First*, Plaintiff seeks "actual damages" (Ex. A, Compl. ¶ 104) for a number of alleged injuries, including (i) pain and suffering, (ii) mental anguish, (iii) loss of capacity for the enjoyment of life, and (iv) loss of earnings and the ability to earn money in the future.  *Id.* at 22-24.  Courts have held that similar allegations associated with serious health risks are alone sufficient to satisfy the monetary threshold for diversity jurisdiction.  *See Angus v. Shiley Inc.*, 989

---

than not exceeds the jurisdictional minimum.  Philips maintains that each of Plaintiff's claims is without merit and that it is not liable to Plaintiff.  Philips expressly denies that Plaintiff is entitled to recover any of the damages or other relief sought in the Complaint.  No statement or reference contained in this Notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

F.2d 142, 144 (3d Cir. 1993) (holding that there could be "no doubt that a reasonable jury likely could have valued [plaintiff's] losses at over $50,000" based on allegations that plaintiff "suffer[ed] from severe mental anguish," "anxiety," and "fear of sudden death or permanent physical injury" as a result of defendant's faulty heart implant); *Carlough v. Amchem Prod., Inc.*, 834 F. Supp. 1437, 1459 (E.D. Pa. 1993) (collecting cases finding that jurisdictional threshold was met where plaintiffs alleged "expos[ure] to [a] hazardous substance or product but manifested no compensable disease or condition" and resulting "physical, monetary, and emotional injuries"); *Payton v. Abbott Labs*, 83 F.R.D. 382, 395 (D. Mass. 1979) (holding amount in controversy satisfied based on allegations that plaintiffs "were exposed to diethylstilbestrol" but had not yet "developed uterine or vaginal cancer"), vacated on other grounds, 100 F.R.D. 336 (D. Mass. 1983); *Chin v. Holiday Cruises II, Inc.*, 141 F.R.D. 367, 370 (D. Mass. 1992) (finding amount in controversy satisfied based on allegations that plaintiff's "ability to enjoy life is 'greatly damaged' and she suffers 'great pain of body and mind'"); *Sang Oum v. Target Corp.*, No. 18-CV-341-LM, 2018 WL 2932733, at *2 (D.N.H. June 12, 2018) (holding that "damages for pain and suffering and loss of consortium, as well as permanent injuries" resulting from slip and fall at Target store "could objectively be viewed as worth more than $75,000").

30.     *Second*, Plaintiff asserts a claim for violation of Massachusetts Chapter 93A (Count VI), alleging that Philips engaged in "unfair or deceptive acts or practices," and that Plaintiff "has sustained serious and permanent injuries" and "is entitled to damages for pain and suffering, mental anguish, loss of capacity for the enjoyment of life, medical expenses, loss of earning, and loss of the ability to earn money in the future." *See* Ex. A, Compl. ¶ 102.

31.     Plaintiff's Chapter 93A claim permits the recovery of treble damages and attorneys' fees, both of which must be included in the amount in controversy. *See L. Off. of Joseph J.*

*Cariglia, P.C. v. Jelly*, 146 F. Supp. 3d 251, 254 (D. Mass. 2015) ("The amount in controversy includes statutory multipliers of damages, such as the treble damages provision in Mass. Gen. Laws ch. 93A."); *Santos v. Preferred Mut. Ins. Co.*, 21 F. Supp. 3d 111, 116 n.2 (D. Mass. 2014) ("Plaintiffs have asserted a colorable claim for treble damages under Mass. Gen. Laws ch. 93A, a potential award that *can* be included in calculating the amount in controversy.") (emphasis in original); *McCormick v. Lischynsky*, No. CV 19-10433-FDS, 2019 WL 3429242, at *2 n.5 (D. Mass. July 30, 2019) (holding that "a reasonable estimate of plaintiff's attorney's fees" pursuant to a Chapter 93A claim "may be added to the amount in controversy"); Mass. Gen. Laws ch. 93A, § 9 (Chapter 93A "damages may include double or treble damages, attorneys' fees and costs").

32.     *Third*, punitive damages also potentially are available to Plaintiff on her fraudulent misrepresentation and suppression (Count IV) and Chapter 93A (Count VI) claims, because Plaintiff alleges that Phillips made "affirmative misrepresentations and actively concealed adverse information at a time when [it] knew, or should have known, that the Recalled Devices had defects." *See* Ex. A, Compl. ¶ 77; *see also id.* ¶ 8 (seeking punitive damages); *Kapp v. Arbella Mut. Ins. Co.*, 426 Mass. 683, 686, 689 N.E.2d 1347, 1349 (1998) ("Punitive damages are proper where the evidence warrants a finding of a wilful [sic] or knowing violation of G.L. c. 93A."). "Punitive damages 'must be considered to the extent claimed in determining the jurisdictional amount'" where, as here, "such damages 'are recoverable under a complaint.'" *Plant v. TD Bank Wealth Mgmt.*, No. CV 18-30145-MGM, 2019 WL 9244978, at *3 (D. Mass. Sept. 16, 2019) (quoting *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943)).

33.     *Fourth*, Plaintiff seeks damages for her potentially significant medical expenses (*e.g.*, Ex. A, Compl. ¶¶ 8, 49, 54)—these damages, alone, likely place in controversy more than $75,000.  Indeed, on the Civil Cover Sheet filed in the Underlying Action, attached hereto as

**Exhibit E**, Plaintiff estimates her "[r]easonably anticipated future medical and hospital expenses" at **$3,000,000**. Courts have held that, while not dispositive, such "civil action cover sheets may be considered in determining the amount in controversy." *Williams v. Litton Loan Servicing*, No. CA 10-11866-MLW, 2011 WL 3585528, at *6 (D. Mass. Aug. 15, 2011); *see also Irabor v. Lufthansa Airlines*, 427 F. Supp. 3d 222, 228-29 (D. Mass. 2019) ("[T]he Court will assume that defendant has satisfied the amount-in-controversy requirement by reference to the civil cover sheet."); *Purohit v. Nissan N. Am., Inc.*, No. CV 20-10341-FDS, 2020 WL 9745725, at *2 (D. Mass. Apr. 8, 2020) (holding that, although a civil cover sheet is "not in itself dispositive," it "may provide evidence of the amount in controversy").

34.     Moreover, Plaintiff claims that she is at risk of, among other things, cancer, due to the device's alleged "toxic and carcinogenic effects." *See* Ex. A, Compl. ¶¶ 4-5, 39, 47, 59. Cancer has a long latency period, and often remains undetected—and undetectable—for decades after a person's exposure to the underlying carcinogen. Accordingly, Plaintiff alleges that the device has caused, "and will continue to cause," Plaintiff "injuries and damages." *Id.* ¶ 8. Plaintiff, therefore, seeks damages to cover the costs of potentially decades of recurrent medical surveillance, testing, and physical examinations, as well as the costs of treatment, if necessary. The cost of years, much less decades, of such surveillance, testing, examinations, and treatment would well exceed the jurisdictional threshold.

35.     In total, given Plaintiff's allegations that the device caused "significant health problems," her request for damages to cover, among other things, substantial medical expenses—which she estimates will amount to $3,000,000—her allegations of pain and suffering, mental anguish, and lost earnings, and her assertion of claims with associated attorneys' fees and compensatory, punitive, and treble damages, it is plausibly demonstrated that the amount in

controversy in this matter well exceeds the $75,000 required for removal under 28 U.S.C. § 1332(a).

## VI.   VENUE IS PROPER IN THIS COURT

36.     The United States District Court for the District of Massachusetts is the federal judicial district encompassing the Superior Court of Middlesex County, Massachusetts, where Plaintiff originally filed the Underlying Action. *See* 28 U.S.C. § 101.

37.     Additionally, on July 7, 2021, plaintiffs in a related action submitted a Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 (the "MDL Motion") before the Judicial Panel on Multidistrict Litigation ("JPML"), attached hereto as **Exhibit F**.

38.     On October 8, 2021, the JPML issued a Transfer Order granting the MDL Motion and transferring related cases to the Western District of Pennsylvania for consolidated pretrial proceedings before Judge Conti.  The Transfer Order is attached hereto as **Exhibit G**.  It is anticipated that this case will be consolidated into the MDL pending before Judge Conti.

39.     Accordingly, this lawsuit may be removed to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441(a).

## VII.   NOTICE

40.     Philips will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the Underlying Action is pending, as required under 28 U.S.C. § 1446(d).

WHEREFORE, Philips respectfully requests that this action be removed from the Superior Court of Middlesex County, Massachusetts, and that this Court take jurisdiction over further proceedings.

Dated:  October 13, 2021                    Respectfully Submitted,

/s/ *Emma D. Hall*
Daniel Savrin (BBO #555434)
daniel.savrin@morganlewis.com
Emma Diamond Hall (BO #687947)
emma.hall@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Tel: 617.341.7700

*Counsel for Defendants Philips North
America LLC, Philips Holding USA, Inc., and
Philips RS North America LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 13, 2021, I filed this Notice of Removal with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to:

Walter Kelley, Esq.
4 Court Street
Plymouth, MA 02360
Tel: (617) 420-1111
Fax: (617) 830-0712
wkelley@realjustice.com

*Counsel for Plaintiff*

/s/ *Emma D. Hall*
Emma Diamond Hall (BO #687947)
emma.hall@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Tel: 617.341.7700